# MATTER OF DRYSDALE

In Bond Proceedings Pursuant to 8 C.F.R. § 242.2(d)

A-41454629

*Decided by Board May 25, 1994*

(1) In bond proceedings under section 242(a)(2)(B) of the Immigration and Nationality Act, 8 U.S.C. § 1252(a)(2)(B) (Supp. IV 1992), there is a presumption against the release from the Immigration and Naturalization Service's custody of any alien convicted of an aggravated felony unless the alien demonstrates that he was lawfully admitted to the United States, is not a threat to the community, and is likely to appear for any scheduled hearings.

(2) If a lawfully admitted alien convicted of an aggravated felony cannot rebut the statutory presumption that he is a danger to the community, he should be detained in the custody of the Service.

(3) Once a lawfully admitted alien convicted of an aggravated felony rebuts the presumption that he is a danger to the community, the likelihood that he will appear for future proceedings becomes relevant in assessing the amount of bond needed to motivate the respondent to appear.

ON BEHALF OF RESPONDENT:
Leo Jerome Lahey, Esquire
P.O. Box 51778
Lafayette, Louisiana 70505-1778

ON BEHALF OF SERVICE:
Richard J. Averwater
General Attorney

BY: Dunne, Acting Chairman; Vacca and Heilman, Board Members

The respondent has appealed from a decision, dated November 29, 1993, in which the immigration judge ordered that a bond be set for the respondent in the amount of $20,000. The appeal will be dismissed.

The respondent is a native and citizen of Jamaica, who entered the United States as a lawful permanent resident on June 24, 1988, when he was 17 years of age. The respondent attended high school in the United States. However, he left school without graduating and continued to reside with his mother and five brothers in Los Angeles, California, for 1 year. He then traveled to Oregon to live with a cousin. This cousin was engaged in drug trafficking, with which the respondent also became involved. The respondent was subsequently convicted on May 14, 1991, in the United States District Court for the District of

Oregon, of the offense of distribution of cocaine. While the respondent's criminal trial was pending, he remained in a halfway house.

The respondent's mother and three of his brothers are lawful permanent residents. The respondent's other two brothers are United States citizens. The respondent's employment history consists of an unspecified period of part-time employment in a grocery store while he was living with his family in Los Angeles. Also, after leaving high school, the respondent completed coursework in typing, computer use, and word processing with the Los Angeles Urban League Youth Services. The record contains a letter which states that the respondent has an employment prospect with a cleaning company in Los Angeles.

On July 15, 1991, the Immigration and Naturalization Service issued an Order to Show Cause and Notice of Hearing (Form I-221) against the respondent, charging him with deportability under section 241(a)(2)(A)(iii) of the Immigration and Nationality Act, 8 U.S.C. § 1251(a)(2)(A)(iii) (Supp. III 1991), because the drug trafficking crime of which he was convicted constitutes an aggravated felony pursuant to section 101(a)(43) of the Act, 8 U.S.C. § 1101(a)(43) (Supp. III 1991). The district director of the Service determined that the respondent should remain detained in the Service's custody. The respondent requested a custody redetermination. The immigration judge determined that bond should be set in the amount of $20,000. This appeal followed.

On appeal, the respondent requests that bond be set at $5,000 or less. He claims that the immigration judge set bond in an excessive amount because he failed to give sufficient weight to the evidence that was presented to show that the respondent is neither a threat to the community nor a bail risk.

Since the respondent was convicted of an aggravated felony, his request for a bond redetermination is governed by section 242(a)(2) of the Act, 8 U.S.C. § 1252(a)(2) (Supp. IV 1992). *Matter of Ellis*, 20 I&N Dec. 641 (BIA 1993). Section 242(a)(2)(A) of the Act states that the Attorney General "shall take into custody" any alien convicted of an aggravated felony and, subject to section 242(a)(2)(B), "shall not release" such felon from custody. Section 242(a)(2)(B) of the Act provides:

> The Attorney General may not release from custody any lawfully admitted alien who has been convicted of an aggravated felony, either before or after a determination of deportability, unless the alien demonstrates to the satisfaction of the Attorney General that such alien is not a threat to the community and that the alien is likely to appear before any scheduled hearings.

We have held that the statutory scheme and the language of section 242(a)(2)(B) create a presumption against the release from Service custody of any alien convicted of an aggravated felony unless the alien

demonstrates that he was lawfully admitted to the United States, is not a threat to the community, and is likely to appear for any scheduled hearings. *Matter of De La Cruz*, 20 I&N Dec. 346 (BIA 1991), modified, *Matter of Ellis*, *supra.*

Here, the immigration judge found that the respondent had rebutted the statutory presumption because his successful completion of a term in a halfway house, as well as his exemplary behavior as a prisoner, demonstrated that he was not a danger to the community or a bail risk. Specifically, the immigration judge stated that the respondent "is not a flight risk or a danger to the community." However, he added that "a significant bond is still needed to insure his presence at future hearings."

Upon our review of the record, we find, contrary to the respondent's allegation on appeal, that the immigration judge did consider the factors relevant to a bond determination in rendering his decision. *See Matter of Andrade*, 19 I&N Dec. 488, 489 (BIA 1987); 8 C.F.R. § 242.2(h)(1) (1993). However, the immigration judge's statement that the respondent is "not a flight risk or a danger to the community" is inconsistent with his determination that a $20,000 bond is required to ensure the respondent's presence at future hearings. Once it is determined that an alien does not present a danger to the community or any bail risk, then no bond should be required. *See generally Matter of Patel*, 15 I&N Dec. 666 (BIA 1976); *Matter of Kwun*, 13 I&N Dec. 457 (BIA 1969, 1970).

We interpret the statutory framework under section 242(a)(2)(B) of the Act, in terms of evaluating whether the alien has rebutted the statutory presumption against him, to involve a two-step analysis. First, if the alien cannot demonstrate that he is not a danger to the community upon consideration of the relevant factors, he should be detained in the custody of the Service. We reach this conclusion by reference to the plain words of section 242(a)(2)(B) of the Act, which requires an alien convicted of an aggravated felony to demonstrate that he "is not a threat to the community." *See also Carlson v. Landon*, 342 U.S. 524, 537-42 (1952) (stating that potentially dangerous resident aliens may be detained without bail during pendency of deportation proceedings); *cf. United States v. Salerno*, 481 U.S. 739, 746-52 (1987) (upholding authorization of pretrial detention on the basis of future dangerousness as a permissible form of regulation under the Bail Reform Act of 1984). However, if an alien rebuts the presumption that he is a danger to the community, then the likelihood that he will abscond becomes relevant.

Section 242(a)(2)(B) of the Act requires an alien convicted of an aggravated felony to show that he is "likely to appear for any scheduled hearing," as opposed to mandating a showing that he *will*

*appear.* Unlike the standard for determining if there is a danger to the community, this language allows for flexibility. The likelihood, or probability, of appearance could vary from none to great. This enables the immigration judge to set a bond according to his assessment of the amount needed to motivate the respondent to appear in light of the considerations deemed relevant to bond determinations. This bond constitutes an appearance bond, as contemplated by the regulation at 8 C.F.R. § 242.2(h)(2) (1993), which deals with release procedures for aliens convicted of an aggravated felony.

Here, the immigration judge, for the reasons stated in his decision, found that the respondent does not present a danger to the community. However, it was his assessment that a significant bond was required. The purpose of the bond is to ensure the respondent's presence at future proceedings. Under the circumstances presented here, where the respondent left his parental home and moved to another area, committed a serious drug trafficking crime soon after entering the United States, and was ineligible for any form of relief from deportation, we agree with the immigration judge's bond determination. This assessment is reinforced by the fact that the respondent is now subject to an administratively final order of deportation.[1] *See Matter of Andrade, supra;* 8 C.F.R. § 242.2(h)(1) (1993). Accordingly, the appeal will be dismissed.

**ORDER:**     The appeal is dismissed.

---

[1] The respondent's appeal from an immigration judge's order of deportation was dismissed by this Board on February 24, 1994.